IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| BRENDA LEE HELD and RUSSELL WILLIAM HELD, | CV 24-75-BLG-SPW-TJC |
| Plaintiffs, | |
| vs. | **ORDER** |
| STATE OF MONTANA et al., | |
| Defendants. | |

The Court raises sua sponte the issue of whether a more definite statement should be ordered in this matter.

## I.     BACKGROUND

Plaintiffs Brenda Lee Held and Russell William Held initiated this action on June 21, 2024, seeking declaratory and injunctive relief against several parties including the State of Montana and attorney general Austin Knudsen; the 7th Judicial District of Montana and district court judge Olivia Rieger; and the Montana Department of Revenue ("the Department") and its director, Brendan Beatty.  (Doc. 1.)  Plaintiffs' June 21 filing comprises several separately captioned documents including, but not limited to, a "Mandatory Judicial Notice of the Law" (*id.* at 10), a "Notice of Ratified Peace Treaty" (*id.* at 102), a "Writ of Prohibition with a Writ of Avizandum" (*id.* at 137), and a "Writ of Quo Warranto" (*id.* at 145).

1

On July 17, 2024, the Department and Beatty filed a Motion To Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 6.) In their briefing, the Department and Beatty refer to the June 21 omnibus filing as the Complaint.

One week later, on July 24, Plaintiffs filed a "Redress of Grievances" listing seven causes of action, a prayer for relief, and a demand for a jury trial. (Doc. 9.) The Redress of Grievances also names several new parties not named in the June 21 omnibus filing. (*Id.* at 5–7.) In the Redress of Grievances, Plaintiffs refer to the June 21 omnibus filing as the "initial complaint." (*Id.* at 9.) Nine days later, however, Plaintiffs filed a response brief opposing the Department and Beatty's Motion To Dismiss, addressing those Defendants' arguments as they relate to the claims pleaded in the June 21 omnibus filing. (Doc. 11.)

On August 20, 2024, Knudsen and Rieger each filed separate motions to dismiss. (Docs. 16, 18.) Knudsen and Rieger use "Complaint" in their respective motions and briefs to refer to the July 24 Redress of Grievances, rather than the June 21 omnibus filing. Other defendants named for the first time in the Redress of Grievances have also subsequently filed motions to dismiss the claims against them. (*See* Docs. 35, 59.)

Several defendants have noted in their respective briefs the confusion arising from Plaintiffs' multiple filings and regarding what claims apply to which

2

defendants.  (*See* Doc. 14 at 2–3 ("The Department would like to address the lack of consistency in the caption that Helds have provided in each of these filings. . . . The Department is unclear what any of these filing are . . . ."); Doc. 17 at 4 ("The Complaint named Attorney General Knudsen, but does not detail or even allege his involvement in the allegations. . . . . No counts are specifically pled against Attorney General Knudsen."); Doc. 19 at 2–4 ("[T]he Complaint is not clear what counts apply to Judge Rieger. . . . The Plaintiffs' Complaint does not clearly allege any causes of action against Judge Rieger."); Doc. 36 at 2 ("Plaintiffs filed numerous documents including their children's birth certificates . . . . MDT is identified as a party in Document 9, yet the only allegations pertaining to MDT are on a single page under the title 'Jurisdiction' . . . ."); Doc. 60 at 1–2 ("Although the complaint names (in the body) the United States Treasurer and Attorney General Merrick Garland as 'parties', it does not seek any relief against them.").)

## II.    DISCUSSION

Due to the lack of clarity arising from Plaintiffs' multiple pleadings and exhibited by the various motions and briefs filed by the parties, the Court must determine how to construe the June 21 omnibus filing and July 24 Redress of Grievances, and whether Plaintiffs should be required to produce a more definite statement.

/ / /

3

### A.    Plaintiffs' Multiple Complaints

On the one hand, it appears that Plaintiffs' Redress of Grievances could be construed as an amended complaint made pursuant to Rule 15. *See* Fed. R. Civ. P. 15(a)(1)(B) ("A party may amend its pleading once as a matter of course no later than . . . 21 days after service of a motion under Rule 12(b) . . . ."). As such, the Redress of Grievances would supersede the original complaint—the June 21 omnibus filing—and render it without legal effect. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).

On the other hand, even since the filing of the Redress of Grievances, Plaintiffs have sought to bring it to the Court's attention that "the Writ of Quo Warranto and Writ of Prohibition" included in the June 21 omnibus filing have "not been executed or answered." (Doc. 24 at 17.) Thus, Plaintiffs apparently did not intend the Redress of Grievances to supersede the June 21 omnibus filing as the operative complaint.

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must have a caption that designates it as the complaint and that names all the defendants. Fed. R. Civ. P. 10(a). Further, under Rule 8, the plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (e).

4

Rule 12(e) allows a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Even when a defendant has not moved under Rule 12(e)¸ however, courts may order a more definite statement from the plaintiff sua sponte. *See Kirkpatrick v. Cty. of Washoe*, 792 F.3d 1184, 1191 (9th Cir. 2015) (citing *Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 367 n.5 (11th Cir. 1996)), *on reh'g en banc*, 843 F.3d 784 (9th Cir. 2016). *See, e.g.*, *Fleites v. Mindgeek S.A.R.L.*, 617 F. Supp. 3d 1146, 1167 (C.D. Cal. 2022) (ordering a more definite statement even though the defendant "d[id] not lodge a Rule 12(e) motion," as "the Court is empowered to demand a more definite statement sua sponte"); *Chagolla v. Vullo*, 2018 WL 10602297, at *3 (D. Ariz. Mar. 30, 2018) (declining "to engage in the cumbersome task of sifting through the various causes of action listed in the amended complaint to make a hypothetical determination as to whether they may be potentially foreclosed by one of the numerous defenses asserted" and, therefore, "sua sponte, call[ing] for a more definite statement"); *Santana v. Cty. of Yuba*, 2016 WL 1268107, at *6 (E.D. Cal. Mar. 31, 2016) (ordering a more definite statement "on its own motion"); *Soule v. Hilton Worldwide, Inc.*, 1 F. Supp. 3d 1084, 1101 (D. Haw. 2014) (sua sponte ordering a more definite statement "pursuant to its authority under Federal Rule of Civil Procedure 12(e)").

5

A more definite statement is appropriately ordered when, "[g]iven the number and diversity of named defendants and the breadth of the allegations," the complaint "does not properly notify individual defendants of the allegations with which they are charged." *See McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996) (quoting the district court's analysis with favor).

Here, the Court concludes that ordering a more definite statement is appropriate in this case. Plaintiffs have failed to comply with the pleading requirements under Rule 8 and Rule 10, and it is unclear which of Plaintiffs' filings is the operative complaint.

In addition, as demonstrated by the several motions to dismiss filed in this case, Plaintiffs' claims are so vague or ambiguous that the party cannot reasonably prepare a response. These deficiencies might be cured by a clearer statement of their claims, facts to support those claims, and a clearer statement of defendants' actions. Accordingly, Plaintiffs will be given an opportunity to produce a more definite statement in the form of an amended complaint that "presents each claim for relief in a separate count with clarity, as required by Rules 8 and 10(b)" and "will provide Defendants an opportunity to discern what Plaintiff[s] [are] claiming and to frame a responsive pleading that can be efficiently resolved by this Court." *Chagolla*, 2018 WL 10602297 at *3.

/ / /

**B.    Amended Complaint**

The amended complaint must be retyped or rewritten in its entirety and may not incorporate by reference the June 21 omnibus filing, the Redress of Grievances, or any other prior filing.  Once Plaintiffs file an amended complaint, it replaces the prior operative complaint, and the prior complaint no longer serves a function in the case.  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Plaintiffs believe were violated; (2) the names of the defendants who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Plaintiffs' rights; (5) when the alleged actions took place; and (6) what injury Plaintiffs suffered because of that defendant's conduct.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).  Plaintiffs must repeat this process for each defendant.  Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute.  Instead, Plaintiffs must provide specific factual allegations for each of their claims and must state with specificity to which defendants each of their claims apply.

/ / /

/ / /

/ / /

A complaint fails to state a claim upon which relief can be granted when it either "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013). Accordingly, if Plaintiffs fail to affirmatively link the conduct of a defendant with an injury suffered under a cognizable legal theory, the claim against that defendant will be subject to dismissal for failure to state a claim.

Plaintiffs are advised the United States can only be sued to the extent it has waived its sovereign immunity by an act of Congress. *Dichter-Mad Family Partners, LLP v. United States*, 709 F.3d 749, 770 (9th Cir. 2013). Sovereign immunity also bars claims against federal agencies, as well as federal officials in their official capacities, unless Congress has expressly waived immunity by statute. *Murphy Co. v. Biden*, 65 F.4th 1122, 1128 (9th Cir. 2023); *Hodge v. Dalton*, 107 F.3d 705, 707 (9th Cir. 1997).

In addition, the Eleventh Amendment bars suit in federal court against a state or state agency absent an express waiver of immunity by the State. *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). Further, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and is "no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71(1989). One exception to the Eleventh Amendment's

general prohibition is when a suit seeks "prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).

Finally, Plaintiffs are advised that "[i]t is well established that state judges are entitled to absolute immunity for their judicial acts." *Swift v. California*, 384 F.3d 1184, 1188 (9th Cir. 2004) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). As a form of absolute immunity, the judicial immunity enjoyed by state court judges "forecloses claims based on a judge's actions conducted while in [her] judicial capacity." *Bey v. Gilbert*, 2008 WL 4602719, at *2 (C.D. Cal. Oct. 15, 2008) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). Judicial immunity cannot be overcome even by allegations of bad faith or malice. *Mireles*, 502 U.S. at 11. The only circumstances where a judge does not enjoy absolute immunity are (1) when she acts outside her judicial capacity and (2) when she acts in complete absence of jurisdiction. *Id.* at 11–12.

## C.    Pending Motions

As previously noted, there are several motions to dismiss pending in this matter. (Docs. 6, 16, 18, 35, 59.) These motions all target either Plaintiffs' June 21 omnibus filing or the July 24 Redress of Grievances, neither of which shall have any legal effect going forward in this case as a consequence of this Order and

9

Plaintiffs' filing of an amended complaint. Accordingly, these motions to dismiss are moot, and will be denied on that basis. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Denial is without prejudice, and with leave to refile upon the filing of Plaintiffs' amended complaint, if necessary.

In addition, Plaintiffs have filed a Motion To Strike Judge Rieger's Reply Brief (Doc. 32) and a Motion To Strike Austin Knudsen's Reply Brief (Doc. 34). Defendants Montana Department of Transportation, Leah Kailey, and Shane Mintz have also filed a Motion To Strike Plaintiffs' Sur-Reply Brief. (Doc. 55.) Because the underlying motions to dismiss are moot, these three motions to strike are also moot.

## III.  CONCLUSION

Based on the foregoing, IT IS ORDERED:

1.     Plaintiffs shall file an amended complaint on or before **March 7, 2025**. If Plaintiffs seek an extension of time, they must file a motion pursuant to Rule 6(b)(1)(A) requesting the extension. Unless Plaintiffs file and the Court grants such a motion, a failure to file an amended complaint by **March 7, 2025,** will result in a Recommendation that this case be dismissed.

2.     Defendants' motions to dismiss (Docs. 6, 16, 18, 35, 59) are DENIED as moot.

/ / /

10

3.     Plaintiffs' Motion To Strike Judge Rieger's Reply Brief (Doc. 32) and Motion To Strike Austin Knudsen's Reply Brief (Doc. 34) are DENIED as moot.

4.     Montana Department of Transportation, Leah Kailey, and Shane Mintz's Motion To Strike Plaintiffs' Sur-Reply Brief (Doc. 55) is DENIED as moot.

DATED this 11th day of February, 2025.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge